# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

EDWARD LITTLES, JR.,        )
          #282020,          )
                        )    CIVIL ACTION NO. 0:07-3760-CMC-BM
           Petitioner,     )
                        )
v.                            )
                        )    **REPORT AND RECOMMENDATION**
WARDEN, BROAD RIVER      )
CORRECTIONAL INSTITUTION, )
                        )
           Respondent.    )
_____)

        This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on November 15, 2007.[1]  The Respondent filed a return and motion for summary judgment on May 21, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on May 22, 2008, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

        After receiving an extension of time to respond, Petitioner filed a memorandum in opposition to the motion for summary judgment on July 7, 2008.   This matter is now before the Court for disposition.[2]

---

      [1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

      [2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

Petitioner was indicted in October 1999 for murder [Indictment No. 99-GS-34-912](R.pp. 408-409). Petitioner was represented on these charges by Kernard E. Redmond, Jr., Esquire, and after a trial by jury on February 12-14, 2002, Petitioner was found guilty as charged. (R.pp. 1-290). The trial judge sentenced the Petitioner to forty (40) years imprisonment. (R.p. 299).

Petitioner's trial counsel filed a timely appeal on behalf of the Petitioner, and raised the following direct appeal issues:

> 1.    Whether the trial court erred in proceeding with the trial of this case even though the Appellant was absent after jury selection but not when the jury was sworn?
>
> 2.    Whether the trial court erred in [denying] the Appellant's Motion for Directed Verdict on the grounds of lack of evidence?

See Respondent's Exhibit Two, p. 1.

However, subsequent to the filing of the appeal, Petitioner's counsel filed a motion to be relieved as counsel on November 17, 2003. See Respondent's Exhibit Four. On December 4, 2003, the South Carolina Court of Appeals denied counsel's motion to be relieved, stating that the case had already been briefed and since the case was being submitted on the record, there was no need to grant the motion. See Respondent's Exhibit Six. However, on December 12, 2003, the Court reconsidered and granted counsel's motion to be relieved, holding the case in abeyance "until the [Petitioner] lets the court know how he wants us to proceed." See Respondent's Exhibit Seven. By letter dated February 10, 2004, Joseph L. Savitz, III, Acting Chief Attorney of the South Carolina Office of Appellate Defense, advised the court that, though there was proof of indigency, since all briefs had been filed "it would be futile . . . to assume representation" at that point, but that the agency would "reconsider after the opinion has been filed." See Respondent's Exhibit Nine, p. 1. Thereafter, on

2



April 15, 2004, the South Carolina Court of Appeals affirmed Petitioner's convictions. See State v. Littles, No. 2004-UP-242 (S.C.Ct.App. filed Apr. 15, 2004). See Respondent's Exhibit Eight.

By letter dated April 28, 2004, Mr. Savitz advised the Court that he would consider the propriety of filing a petition for rehearing, and requested an extension of time to review the record. See Respondent's Exhibit Nine, p. 3. On May 11, 2004, the Court issued an order, on Mr. Savitz's motion, extending the time for filing; See Respondent's Exhibit Nine, p. 4; however, by letter dated May 26, 2004, Mr. Savitz advised that he was "unable to ascertain any basis to petition for rehearing or to seek certiorari in the Supreme Court." See Respondent's Exhibit Nine, p. 6. On May 27, 2004, the Court forwarded the correspondence to Petitioner and allowed additional time for a *pro se* filing. See Respondent's Exhibit Nine, p. 5. Petitioner did not file a petition for rehearing, and the Court issued the remittitur on June 16, 2004. See Respondent's Exhibit Ten.

Petitioner then filed an Application for Post-Conviction Relief ("APCR") in state circuit court on June 29, 2004; Littles v. State of South Carolina, 04-CP-34-222  (R.pp. 301-306); in which he raised the following issues:

1.  Ineffective assistance of counsel;

2.  Denial of Due Process;

3.  Lack of Subject matter jurisdiction;

4.  Prosecutorial misconduct;

5.  (Denied) right to Direct appeal.

(R.p. 302).

The record reflects that Petitioner also submitted a pro se amendment to his petition on August 4, 2004 raising the following issue:



Ineffective Assistance of Counsel - was trial counsel ineffective for failure to objecting to insufficient, prejudicial evidence?

(R.pp. 313-315).

Petitioner was represented in his APCR by W. Keith Powell, Esquire, who filed an amended application raising the following additional issues:

1. Trial counsel committed error when he made the strategic decision of proceeding to trial based solely upon a theory of self defense.

2. Trial counsel should have given Petitioner strong advice to pursue a theory of intoxication that could arguably have taken away the Solicitor's argument of malice.

(R.pp. 317-320).

An evidentiary hearing was held on August 11, 2005 at which Petitioner was present and represented by Powell. (R.pp. 328-396). During the hearing, counsel again amended the application to include an allegation that the self-defense charge given at trial was incorrect, and counsel failed to object. (R.pp. 346-348). Following the hearing, Petitioner's counsel filed a "Brief in Support of Application for Post Conviction Relief" on August 19, 2005 that presented argument on the following issues:

1. Trial counsel should have attempted to suppress the 32 caliber hand gun.[3]

2. Trial counsel should have urged Petitioner to take the witness stand after he failed to show up for the first full day of court; and

3. Trial counsel should have counseled Petitioner to consider, as an optional trial strategy, using the police's position that Petitioner was too drunk to take a statement from him to try and argue manslaughter versus murder.

---

[3]Respondent concedes this issue was addressed at the PCR hearing and in the Order of Dismissal. See Respondent's Memorandum in Support of Summary Judgment, p. 3, n. 1; see also, (R.pp. 313-315)

4



(R.p. 322).

The PCR judge entered a written order on August 26, 2005 denying the petition in its entirety; (R.pp. 397-403); and Petitioner filed a petition for writ of certiorari in the South Carolina Supreme Court.  Petitioner was represented on appeal by Robert M. Pachak, Assistant Appellate Defender with the South Carolina Office of Appellate Defense, who raised the following issue in his writ of certiorari:

> Whether defense counsel was ineffective in failing to object to a jury charge that instructed the jury, if they had a reasonable doubt, they had to find petitioner guilty?

<u>See</u> Respondent's Exhibit 11, p. 2.

By order dated August 22, 2006, the Supreme Court of South Carolina transferred the case to the Court of Appeals for disposition;  <u>See</u> Respondent's Exhibit 13; and On September 21, 2007, the South Carolina Court of Appeals denied the petition.  <u>See</u> Respondent's Exhibit 14.  The Remittitur was issued on October 9, 2007.  <u>See</u> Respondent's Exhibit 14.

In his Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

> **Ground One**: Ineffective Assistance of Trial Counsel.
>
> Supporting facts: Erred in proceeding with a self-defense theory with no witnesses/erred in failing to challenge Ballistics report or Autopsy report results/ in failing to order a gunshot residue Test/ in advising Petitioner not to testify/ to argue intoxication defense/ in not moving to suppress the .32 caliber revolver/ in not advising Petitioner of Plea bargain/ to object to state's bolstering of case in closing summations.
>
> **Ground Two:** Ineffective Assistance of Trial Counsel.
>
> Supporting facts: failed to file notice of appeal/failed to object to court's reasonable doubt charge to the jury.
>
> **Ground Three:** Denial of Due Process - Subject Matter Jurisdiction.

5



Supporting facts: State failed to establish by competent evidence at trial the essential element of malice aforethought required by Statute.

**Ground Four:**  Prosecutorial Misconduct.

Supporting facts: Solicitor bolstered state witnesses credibility in final summations, see App. pp. 232-237.

<u>See</u> Petition pp. 6-11.

**<u>Discussion</u>**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro</u> <u>se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

**I.**

In Ground One of his Petition, Petitioner raises eight separate issues of ineffective assistance of trial counsel. For purposes of summary judgment, Respondent does not contest that all of these issues, except the last one, were raised by Petitioner in his PCR application or at the PCR hearing. Nevertheless, Respondent contends that all of these claims are procedurally barred from consideration by this Court because they were not presented in Petitioner's PCR appeal. The



undersigned is constrained to agree.

Petitioner himself concedes that these issues were not raised in his PCR appeal.  See Petition, p. 7.  Therefore, since Petitioner did not preserve these claims in his petition for certiorari in his  PCR appeal, they are  barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue these  issues, they are fully exhausted.  Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since these issues were not properly pursued and exhausted by the Petitioner in the state court, federal habeas review of these issues is now precluded absent a showing of cause and prejudice, or actual innocence.  Wainwright v. Sykes,



433 U.S. 72 (1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989), <u>cert. denied</u>, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Coleman</u>, 501 U.S. at 750.

In Petitioner's response, he does not argue  cause for his failure to raise these claims in his PCR appeal,[4] although he does make the statement in his petition that "[a]ppellate counsel did not raise any of [sic] these issues on Petition for Writ of Certiorari".  However, even assuming arguendo that this statement could be construed as arguing ineffective assistance of his PCR appellate counsel as cause for a procedural default on these issues, it does not provide Petitioner relief.  The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." <u>Murray v. Carrier</u>, 477 U.S.  478, 488 (1988); <u>see also</u>  <u>Coleman v. Thompson</u>, <u>supra</u>; <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991);  <u>Noble v. Barnett</u>, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause <u>per se</u> in the procedural default context"); <u>Smith v. Dixon</u>, 14 F.3d 956, 973 (4th Cir. 1994)(en banc).  However, while ineffective

---

[4]While Petitioner does appear to attempt to argue cause for procedural default with respect to two *other* issues; <u>See</u> Response in Opposition to Summary Judgment, p. 6; he does not offer any arguments for cause for his procedural default with respect to the issues advanced in Ground One, although he does separately discuss whether he has been subjected to a miscarriage of justice; <u>see</u> Response, pp. 7-8; which is addressed herein, <u>supra</u>.



assistance of counsel can constitute "cause" for procedural default, it will only constitute "cause" if it amounts to an independent violation. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996). Here, Petitioner has failed to show the necessary "cause" for his procedural default, because the counsel who Petitioner claims did not pursue these issues was his counsel in his postconviction case, and ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998). Accordingly, Petitioner has failed to show cause for his procedural default on these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if these issues are not considered.



see, Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at

1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a

constitutional violation has probably resulted in the conviction of one who is actually

innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992);

Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)).   To prevail under an "actual

innocence" theory, Petitioner must produce new evidence that was not available at trial to show his

factual innocence.   Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999).   Further, Petitioner must

"demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit

the crime of which he was convicted."   United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir.

1999).   He has failed to do so.

    Although Petitioner argues about a miscarriage of justice and unfairness in his

response[5], his actual innocence claim is facially inadequate to require consideration because

Petitioner does not allege that there is any new, reliable evidence of any type that was not presented

in any of his prior court proceedings which would support his claim of innocence on the criminal

charges, nor has he demonstrated his factual innocence.   See Schlup v. Delo, 513 U.S. 298, 324

(1995)[to present a credible claim of actual innocence, petitioner must "support his allegations of

constitutional error with new reliable evidence-whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."]; Doe

v. Menefee, 391 F.3d 147, 161 (2nd Cir. 2004) [quoting Schlup for the evidentiary standard required

---

[5]The substance of Petitioner's miscarriage of justice and unfairness argument centers on
actions or inactions of his trial counsel (who also filed his direct appeal), and the fact that his counsel
was allowed to withdraw while his direct appeal was pending.   see Response, pp. 7-8. However, he
does not make any  assertions relating to his failure to pursue issues in his PCR appeal which were
preserved at the PCR level.



for a court to consider an actual innocence claim]; <u>see also</u> <u>Thompson v. United States</u>, No. 99-3893, 2000 WL 571952, *2 (6th Cir. May 2, 2000)[bare allegations of actual innocence as to the charge to which the Petitioner pled guilty are not facially adequate to invoke exceptional review of a conviction under § 2241]. Therefore, these issues are procedurally barred from consideration by this Court, and must be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254.

## II.

In Ground Two of his Petition, Petitioner contends that his trial counsel was ineffective for failing to file a notice of intent to appeal and failing to object to the reasonable doubt charge.

### a.

With regard to Petitioner's claim that trial counsel was ineffective for failing to file a notice of intent to appeal, that issue was not raised in Petitioner's PCR appeal.[6] Therefore, it is now barred from further state collateral review; <u>Whiteley</u>, 401 U.S. at 562 n. 3; <u>Wicker v. State</u>, <u>supra</u>; <u>Ingram</u>, 1998 WL 726757 at **1; <u>Josey</u>, 2001 WL 34085199 at * 2; <u>Aice</u>, 409 S.E.2d at 393; and as there is no current state remedy for Petitioner to pursue this claim, it is fully exhausted. <u>Coleman</u>, 501 U.S. at 735, n.1; <u>Teague</u>, 489 U.S. at 297-298; <u>George</u>, 100 F.3d at 363; <u>Matthews</u>, 105 F.3d at 911. However, as is the case with Petitioner's claims in Ground One, even though technically exhausted, since this claim was not properly pursued by the Petitioner in state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Waye</u>, 884 F.2d at 766; <u>Coleman</u>, 501 U.S. at 750.

_____

[6]While the parties disagree as to whether this issue was addressed in Petitioner's APCR, it is undisputed that it was not raised in his PCR appeal. Since it is procedurally barred on that basis, the undersigned makes no finding as to whether this issue was presented at the PCR level.



Although Petitioner makes various arguments related to his trial and direct appeal counsel, Petitioner does not make any arguments regarding cause as it relates to his failure to pursue this issue in his PCR appeal. The undersigned has already addressed Petitioner's statement in his initial petition that his PCR appellate counsel failed to raise this issue, and the fact that his PCR appellate counsel's actions cannot constitute cause for his procedural default. See discussion, supra; see also Murray v. Giarratano, 492 U.S. at 13; Mackall, 131 F.3d at 447-449; Ortiz, 149 F.3d at 932; Pollard, 28 F.3d at 888; Lamp, 122 F.3d at 1104-1105; Parkhurst, 128 F.3d at 1371; Williams v. Chrans, 945 F.2d at 932; Gilliam, 1998 WL 17041 at *6. Therefore, Petitioner has failed to show cause for his procedural default on this issue. Rodriguez, 906 F.2d at 1159.

As previously discussed, Petitioner has also failed to show that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, supra; Rodriguez, 906 F.2d at 1159; Sawyer, 505 U.S. at 348; Bolender, 898 F.Supp. at 881. Therefore, this claim is procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

**b.**

With regard to Petitioner's claim of ineffective assistance of counsel for failing to object to the reasonable doubt charge, Respondent argues that this issue as stated in the Petition may also procedurally barred. Respondent does not dispute that the PCR court addressed and Petitioner's PCR appellate counsel raised the issue that his counsel was ineffective in failing to object to a jury charge that instructed the jury to find Petitioner guilty if they had a reasonable doubt as to his guilt. See Memorandum in Support of Summary Judgment, p. 13, n.3; see also Respondent's Exhibit 1, p. 402; Exhibit 11, p. 4. Rather, Respondent argues that, since Petitioner states in his Petition that his



PCR appellate counsel failed to raise the issue presented in this petition, then this is not the same issue that was pursued by PCR appellate counsel.

To the extent that Petitioner is seeking to pursue a different issue than the issue he pursued in his PCR appeal, the Respondent is correct that it would be procedurally barred from consideration by this Court.  Cf Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).  Further, Petitioner has again shown no cause for a procedural default; See discussion, supra; Rodriguez, 906 F.2d at 1159; and as previously discussed, has also failed to show that a fundamental miscarriage of justice will occur if this claim is not considered.  Wainwright v. Sykes, supra; Murray v. Carrier, supra; Rodriguez, 906 F.2d at 1159; Sawyer, 505 U.S. at 348; Bolender, 898 F.Supp. at 881. Therefore, this claim  (to the extent that it differs from the issue presented to the state appellate court) is procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

However, since Petitioner is proceeding *pro se,* and it appears to the undersigned that he intended to pursue the same issue here that he raised in his PCR appeal, the undersigned has proceeded to discuss this claim on the merits.  With regard to the issue raised and exhausted in Petitioner's APCR, Petitioner had the burden of proving his allegations in his PCR petition.  Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).  The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with



S.C. Code Ann. § 17-27-80 (1976); as amended; See Littles v. State, No. 04-CP-34-0222; specifically

finding that: 1) Petitioner's trial counsel put forth a self-defense argument at trial and during his

closing argument; 2) the trial judge, in fact, charged the jury on the law of self-defense; and 3) any

alleged error in the jury charge was purely a scrivener's error and did not affect the overall charge

to the jury.  See Respondent's Exhibit One, p. 402.

Substantial deference is to be given to the state court's findings of fact.  Evans v.

Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord

state court factual findings a presumption of correctness that can be rebutted only by clear and

convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir.

2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person
> in custody pursuant to the judgment of a State court, a determination of a factual issue
> made by a State court shall be presumed correct.  The applicant shall have the burden
> of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531

U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct

under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the

issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.

Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th

Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th

Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, since Petitioner's ineffective assistance

of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review

is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the



Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996). After careful consideration of the record and arguments before this Court, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations



when seeking a writ of habeas corpus].

   To be entitled to federal habeas relief on an improper jury instruction claim, the Petitioner must establish that the erroneous jury instruction was so prejudicial that it negatively affected the outcome of the trial. Tarpley v. Estelle, 703 F.2d 157, 159 (5ᵗʰ Cir. 1983), cert. denied, 464 U.S. 1001 (1983). Even if a jury instruction is improper, it only violates a defendant's constitutional rights if the instruction "by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991)(quoting Cupp v Naughten, 414 U.S. 141, 147 (1973)). Here, the transcript reflects that the trial judge did at one point charge, "I further charge you that if you have a reasonable doubt of the defendant's guilt after considering all of the evidence including the evidence of self-defense, then you must find him to guilty." See Respondent's Exhibit One, p. 279. However, the record also reflects that the trial judge repeatedly charged the jury on reasonable doubt indicating the correct burden (with the one exception noted by the Petitioner which appears in the transcript); See Respondent's Exhibit One, pp. 260-282; and Petitioner's trial counsel testified that he made no objection because he did not recall any problem or error in the self-defense charge. See Respondent's Exhibit One, p. 377. The PCR court found that the trial court correctly charged the jury on the law of self-defense, and that any alleged error was purely a scrivener's error, a finding supported by the very next paragraph in the charge, where the jury is instructed about what to do if they have no reasonable doubt. See Respondent's Exhibit One, pp. 279, 402.

   Upon a review of this record, including review of the charge in its entirety, consistent with the applicable caselaw, I do not find that the Petitioner was denied effective assistance of counsel by counsel's failure to object to this charge. Even assuming the cited passage is not a



scrivener's error,[7] as found by the state court, the question in a federal habeas petition is ' whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,'" not merely whether 'the instruction is undesirable, erroneous, or even universally condemned;'" Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (quoting Cupp, 414 U.S. at 147); and "[t]he burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Id. Reviewing the charge in its entirety, Petitioner has not shown his counsel was deficient for failing to object under this standard. Strickland v. Washington, supra. Furthermore, based upon the evidence in the record, Petitioner has not shown that he was prejudiced or that the alleged ailing instruction by itself so infected the entire trial that his conviction violates due process, nor has he shown that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

Petitioner's claim that his counsel was ineffective on this ground is therefore without merit, and should be dismissed. Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

---

[7]It appears that the word "to" typed in the transcript may have actually been "not", leading to the PCR judge's finding of a scrivener's error. (R.p. 279). Cf. United States v. Hall, 325 F.3d. 980, 981-982 (8th Cir. 2003).



### III.

In Ground Three of his Petition, Petitioner contends that the trial court lacked subject matter jurisdiction because of insufficient evidence to convict him. Petitioner did not pursue this issue in his direct appeal[8]. While Petitioner argues that he did present it in his PCR petition, it would not appear to be an issue cognizable on PCR. <u>see</u> <u>Drayton v Evatt</u>, 430 S.E.2d 517, 519-520 (SC 1993)[issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel]; <u>see also</u> (R.pp. 331-332). However, even assuming arguendo that Petitioner did attempt to raise this issue in his APCR, it is not addressed in the PCR court's decision. Further, after addressing the issues relating to ineffective assistance of counsel, the PCR court held that "[a]s to any and all allegations that were raised in the application or at the hearing at this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them." <u>See</u> Respondent's Exhibit One, pp. 402-403.

After obtaining the PCR Court's order including this language, the Petitioner did not file any motions seeking to obtain a ruling on any other issues. Such a motion was necessary, since a "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order." <u>Al-Shabazz v. State</u>, 527 S.E.2d 742, 747 (S.C. 2000)(citing <u>Pruitt v. State</u>, 423 S.E.2d 127, 128 n. 2 (S.C. 1992)[issue must be raised and ruled on by the PCR judge in order to be preserved for review]. Therefore, since the issue presented in Ground Three of this

---

[8]While Petitioner's counsel did make a directed verdict motion at trial, this issue was not preserved on direct appeal. <u>see</u> Respondent's Exhibit 8, p. 4.



Petition was not addressed by the PCR judge in his order, it is procedurally barred from further state collateral review. Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007)["Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."]; Humbert v. State, 548 S.E.2d 862, 865 (S.C. 2001); Plyler v. State, 424 S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; see Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order]; Primus v. Padula, 555 F.Supp.2d 596, 611 (D.S.C. 2008); Smith v. Warden of Broad River Correctional Inst., No. 07-327, 2008 WL 906697 at * 1 n. 1 (D.S.C. Mar. 31, 2008); McCullough v. Bazzle, No. 06-1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007)(citing Al-Shabazz, 577 S.E.2d at 747).  Furthermore, Petitioner also did not pursue this issue in his PCR appeal, and it is therefore procedurally defaulted.

Since this issue was not raised in Petitioner's direct appeal or his APCR appeal, it is barred from further state collateral review; Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram, 1998 WL 726757 at **1; Josey, 2001 WL 34085199 at * 2; Aice, 409 S.E.2d at 393; and as there is no current state remedy for Petitioner to pursue this claim, it is fully exhausted. Coleman, 501 U.S. at 735, n.1; Teague, 489 U.S. at 297-298; George, 100 F.3d at 363; Matthews, 105 F.3d at 911. Since this claim was not properly pursued or exhausted by the Petitioner in his direct appeal or his APCR appeal, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, supra; Waye, 884 F.2d at 766; Coleman, 501 U.S. at 750.

Although Petitioner references his trial counsel's (who initially also represented him



in his direct appeal) failure to properly pursue the issue in his direct appeal and Petitioner's own lack of knowledge to raise it *pro se*, he does not offer any reasons why it was not properly pursued in his PCR matter or his PCR appeal.  Rather, Petitioner merely makes the statement in his initial petition that his PCR appellate counsel failed to raise this issue.  The undersigned has already addressed the fact that Petitioner's PCR appellate counsel's actions cannot constitute cause for a procedural default.  See discussion, supra; see also Murray v. Giarratano, 492 U.S. at 13; Mackall, 131 F.3d at 447-449; Ortiz, 149 F.3d at 932; Pollard, 28 F.3d at 888; Lamp, 122 F.3d at 1104-1105; Parkhurst, 128 F.3d at 1371; Williams v. Chrans, 945 F.2d at 932; Gilliam, 1998 WL 17041 at *6.  If Petitioner has instead intended to assert ineffective assistance of trial counsel for failure to raise this claim in his direct appeal, he has not properly raised that claim to the state courts, as a claim of ineffective assistance asserted as cause for failing to exhaust claims "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards v. Carpenter, 529 U.S. 446, 452 (2000)(quoting Murray v. Carrier, 477 U.S. at 489); Frasier v. Maschner, 304 F.3d 815, 817 (8th Cir. 2002)["[I]neffectiveness of appellate counsel may not be asserted as cause to excuse procedural default unless the petitioner has first presented this argument 'as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument.'"](quoting Whitmill v. Armontrout, 42 F.3d 1154, 1157 (8th Cir. 1994)); Clemons v. Luebbers, 381 F.3d 744, 752 (8th Cir. 2004)[Habeas petitioner must have independently presented ineffective assistance of counsel claim to the state court for adjudication].  Petitioner has not shown any cause for his failure to present this claim of ineffective assistance of counsel to the PCR court and pursue it in his PCR appeal.  Therefore, it cannot be used as cause for his procedural default of this claim.  Tome v. Stickman, 167 Fed.Appx. 320, 325 (3rd Cir. 2006)["[F]or ineffective assistance



of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioner must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust."](citing <u>Edwards</u>, 529 U.S. at 451-452).

Therefore, Petitioner has failed to show cause for his procedural default on this issue; <u>Rodriguez</u>, 906 F.2d at 1159; and as previously discussed, has also failed to show that a fundamental miscarriage of justice will occur if this claim is not considered. <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, <u>supra</u>; <u>Rodriguez</u>, 906 F.2d at 1159; <u>Sawyer</u>, 505 U.S. at 348; <u>Bolender</u>, 898 F.Supp. at 881. This claim is procedurally barred from consideration by this Court, and must be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254.

## IV.

In his final Ground, Petitioner argues prosecutorial misconduct. Specifically, Petitioner contends that the solicitor bolstered witness credibility during his closing argument.

This issue is in the same procedural posture as Ground Three; that is, Petitioner contends that it was raised in his APCR, but that his PCR appellate counsel failed to pursue it in his PCR appeal.[9] However, as is the case with Ground Three, even assuming arguendo that Petitioner attempted to raise this issue in his APCR, it is not addressed in the PCR court's decision. Further, as previously discussed, although necessary to preserve the issue, the Petitioner did not file any motions seeking to obtain a ruling on any other issues after the PCR Court's order failed to address this issue. <u>See</u> Rule 59(e), SCRCP; <u>Al-Shabazz</u>, 527 S.E.2d at 747 (citing <u>Pruitt</u>, 423 S.E.2d at 128

---

[9]As with the issue in Ground Three, it would also not appear to be an issue cognizable on PCR. However, to the extent Petitioner intended to allege ineffective assistance of trial counsel as cause for his procedural default, he did not pursue that issue in his PCR proceedings. Therefore, for the same reasons as set forth in Ground Three, ineffective assistance of trial counsel cannot serve as cause for his failure to pursue this claim in his direct appeal. <u>See</u> discussion, <u>supra</u>.

21



n. 2).

Therefore, since the issue presented in Ground Four of this Petition was not addressed by the PCR judge in his order, it is procedurally barred from further state collateral review.  Marlar, 653 S.E.2d at 267; Humbert, 548 S.E.2d at 865; Plyler, 424 S.E.2d at 478-480; see Rule 59(e), SCRCP; Primus, 555 F.Supp.2d at 611; Smith v. Warden of Broad River Correctional Inst., 2008 WL 906697 at * 1; McCullough, 2007 WL 949600 at * 3 (citing Al-Shabazz, 577 S.E.2d at 747). Furthermore, since Petitioner did not pursue this issue in his PCR appeal, it is procedurally defaulted; Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram, 1998 WL 726757 at **1; Josey, 2001 WL 34085199 at * 2; Aice, 409 S.E.2d at 393; and as there is no current state remedy for Petitioner to pursue this claim, it is fully exhausted. Coleman, 501 U.S. at 735, n.1; Teague, 489 U.S. at 297-298; George, 100 F.3d at 363; Matthews, 105 F.3d at 911.

Since this claim was not properly pursued or exhausted by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, supra; Waye, 884 F.2d at 766; Coleman, 501 U.S. at 750. As with Petitioner's other claims, he has failed to show cause for a procedural default on this issue. See discussion, supra; see also Murray v. Giarratano, 492 U.S. at 13; Mackall, 131 F.3d at 447-449; Ortiz, 149 F.3d at 932; Pollard, 28 F.3d at 888; Lamp, 122 F.3d at 1104-1105; Parkhurst, 128 F.3d at 1371; Williams v. Chrans, 945 F.2d at 932; Gilliam, 1998 WL 17041 at *6.  Petitioner has also failed to show that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, supra; Rodriguez, 906 F.2d at 1159; Sawyer, 505 U.S. at 348; Bolender, 898 F.Supp. at  881.

Therefore, this claim is procedurally barred from consideration by this Court, and



must be dismissed. Id.; see 28 U.S.C. § 2254.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.



_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina

November 21, 2008

23

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

